**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of _____
(State)

Case number (*If known*): _____ Chapter \_\_\_\_\_

❑ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name** _____

2. **All other names debtor used in the last 8 years**

    Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)

4. **Debtor's address**

    **Principal place of business**

    _____
    Number     Street

    _____

    _____
    City                                State     ZIP Code

    _____
    County

    **Mailing address, if different from principal place of business**

    _____
    Number     Street

    _____
    P.O. Box

    _____
    City                                State     ZIP Code

    **Location of principal assets, if different from principal place of business**

    _____
    Number     Street

    _____

    _____
    City                                State     ZIP Code

5. **Debtor's website** (URL) _____

6. **Type of debtor**

    ❑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
    ❑ Partnership (excluding LLP)
    ❑ Other. Specify: _____

Debtor _____   Case number (*if known*)_____
     Name

| | |
|---|---|
| **7. Describe debtor's business** | A. *Check one:*<br><br>❏ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>❏ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>❏ Railroad (as defined in 11 U.S.C. § 101(44))<br>❏ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>❏ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>❏ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>❏ None of the above<br><br>B. *Check all that apply:*<br><br>❏ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>❏ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>❏ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br><br>  3  3  6  4 |
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:*<br><br>❏ Chapter 7<br>❏ Chapter 9<br>❏ Chapter 11. *Check all that apply*:<br>    ❏ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).<br>    ❏ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>    ❏ A plan is being filed with this petition.<br>    ❏ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>    ❏ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>    ❏ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>❏ Chapter 12 |
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br><br>If more than 2 cases, attach a separate list. | ❏ No<br>❏ Yes.  District _____ When _____ Case number _____<br>                                            MM / DD / YYYY<br>         District _____ When _____ Case number _____<br>                                            MM / DD / YYYY |
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ❏ No<br>❏ Yes.  Debtor _____ Relationship _____<br>         District _____ When _____<br>                                            MM / DD / YYYY<br>         Case number, if known _____ |

Official Form 201                    Voluntary Petition for Non-Individuals Filing for Bankruptcy                  page **2**

Debtor _____        Case number (*if known*)_____
   *Name*

| | |
|---|---|
| **11. Why is the case filed in *this district*?** | *Check all that apply:*<br><br>❏ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br><br>❏ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ❏ No<br>❏ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply*.)<br><br>❏ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br> What is the hazard? _____<br><br>❏ It needs to be physically secured or protected from the weather.<br><br>❏ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br><br>❏ Other _____<br><br>**Where is the property?** _____<br>      Number  Street<br>_____<br>_____<br>City           State  ZIP Code<br><br>**Is the property insured?**<br>❏ No<br>❏ Yes. Insurance agency _____<br>    Contact name _____<br>    Phone _____ |

### ▮ Statistical and administrative information

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>❏ Funds will be available for distribution to unsecured creditors.<br>❏ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| **14. Estimated number of creditors** | ❏ 1-49    ❏ 1,000-5,000    ❏ 25,001-50,000<br>❏ 50-99    ❏ 5,001-10,000    ❏ 50,001-100,000<br>❏ 100-199    ❏ 10,001-25,000    ❏ More than 100,000<br>❏ 200-999 |
| **15. Estimated assets** | ❏ $0-$50,000    ❏ $1,000,001-$10 million    ❏ $500,000,001-$1 billion<br>❏ $50,001-$100,000    ❏ $10,000,001-$50 million    ❏ $1,000,000,001-$10 billion<br>❏ $100,001-$500,000    ❏ $50,000,001-$100 million    ❏ $10,000,000,001-$50 billion<br>❏ $500,001-$1 million    ❏ $100,000,001-$500 million    ❏ More than $50 billion |

Debtor **Erickson Incorporated**
Name

Case number *(if known)*

### 16. Estimated liabilities

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### 17. Declaration and signature of authorized representative of debtor

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11/08/2016
MM / DD / YYYY

X /s/ [signature]
Signature of authorized representative of debtor

David Lancelot
Printed name

Title  Chief Financial Officer

### 18. Signature of attorney

X /s/ Kenric D. Kattner
Signature of attorney for debtor

Date  11/08/2016
MM / DD / YYYY

Kenric D. Kattner
Printed name

Haynes and Boone, LLP
Firm name

1221  McKinney Street, Suite 2100
Number  Street

Houston  TX  77010
City  State  ZIP Code

713-547-2000
Contact phone

kenric.kattner@haynesboone.com
Email address

11108400
Bar number

Texas
State

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

# Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is _____.

2. The following financial data is the latest available information and refers to the debtor's condition on _____.

    a. Total assets  $_____

    b. Total debts (including debts listed in 2.c., below)  $ _____

    c. Debt securities held by more than 500 holders

    Approximate number of holders:

    secured ☐ unsecured ☐ subordinated ☐  $ _____  _____
    secured ☐ unsecured ☐ subordinated ☐  $ _____  _____
    secured ☐ unsecured ☐ subordinated ☐  $ _____  _____
    secured ☐ unsecured ☐ subordinated ☐  $ _____  _____
    secured ☐ unsecured ☐ subordinated ☐  $ _____  _____

    d. Number of shares of preferred stock  _____
    e. Number of shares common stock  _____

    Comments, if any: _____

3. Brief description of debtor's business: _____

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
_____

as having 5.1% ownership as of April 15, 2016.

# ATTACHMENT B TO VOLUNTARY PETITION
# OF ERICKSON INCORPORATED

1. Concurrently herewith, each of the affiliates of the Debtor listed below (collectively, the "Affiliated Debtors") filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § § 101-1330.

   The Affiliated Debtors are the following entities:

   EAC Acquisition Corporation
   Erickson Helicopters, Inc.
   Erickson Transport, Inc.
   Evergreen Helicopters International, Inc.
   Evergreen Equity, Inc.
   Evergreen Unmanned Systems, Inc.

2. Locations of Debtors' Principal Assets (On a Consolidated Basis):

   Erickson manages its domestic and overseas business from its office located at 5550 Macadam Avenue, Suite 200, Portland, Oregon 97239. Erickson maintains a maintenance, repair and overhaul operation at 3100 Willow Springs Road, Central Point, Oregon. Additionally, Erickson currently possesses a diverse fleet of approximately 69 rotary-wing and fixed-wing aircraft. Because of the nature of the Debtors' business, the Debtors' aircraft, parts and inventory relating thereto are located throughout the world.

3. Asset and liability information is reported in accordance with the Debtors' books and records at the time of filing. As a result, each of the Debtors' asset and liability information includes some amounts attributable to subsidiaries, including intercompany transactions, guarantees, and certain other amounts.

# CERTIFIED RESOLUTIONS OF THE
# BOARD OF DIRECTORS OF
# ERICKSON INCORPORATED

The undersigned hereby certifies (i) that she is the duly elected and serving Secretary of Erickson Incorporated, a Delaware corporation (the "Company"), (ii) that the following resolutions were adopted by the Board of Directors of the Company (the "Board") at a meeting duly called and held at 8:00 am (CDT) on November 2, 2016 at Hyatt Regency DFW, 2334 North International Parkway, DFW, Airport, Texas 75261 at which all members of the Board were present in person or by conference telephone and participated in person and (iii) that such resolutions have not been modified, amended or rescinded and remain in full force and effect on the date hereof:

WHEREAS, the Company (a) is a borrower under the Credit Agreement by and among Wells Fargo Bank, National Association, as Administrative Agent, Lead Arranger, Book Runner, Syndication Agent, and Documentation Agent; the lenders party thereto; and the Company (fka Erickson Air-Crane Incorporated) and Evergreen Helicopters, Inc., as borrowers, dated as of May 2, 2013 (the "Credit Agreement"), and (b) is the issuer of the 8.25% Second Priority Senior Notes Due 2020 issued pursuant to the Indenture Dated as of May 2, 2013 among Erickson Air-Crane Incorporated, the guarantors named therein, and Wilmington Trust, National Association as Trustee and Notes Collateral Agent (the "Second Lien Notes"); and

WHEREAS, due to insufficient liquidity, the Company did not pay the installment of interest due on the Second Lien Notes on November 1, 2016; and

WHEREAS, the Company has sought increased borrowings under the Credit Agreement, but the lenders are unwilling to increase borrowings under the Credit Agreement unless the

15989702_3

Company files a Chapter 11 case and is operating under the protection of the United States Bankruptcy Code; and

WHEREAS, the Company has engaged Imperial Capital, LLC ("Imperial"), as investment bankers, and Alvarez & Marsal Holdings, LLC ("Alvarez & Marsal"), as financial and restructuring advisors. Imperial has assisted the Company in its analysis and the presentation of the Company and its subsidiaries to prospective financing sources and to strategic or financial buyers, including the first lien lenders and second lien lenders and its existing stockholders, and Alvarez & Marsal has assisted the Company with its financial and cash flow analysis and financial forecasts and modeling the financial impact of the Company's proposed restructuring in Chapter 11; and

WHEREAS, the Company has been unable to obtain financing for the Company other than debtor-in-possession ("DIP") financing for a potential Chapter 11 case; and

WHEREAS, after consultation with Imperial, Alvarez & Marsal and restructuring counsel to the Company, the officers have recommended to the Board that the Company file a Chapter 11 case to protect the assets and properties of the Company and to preserve the value of the Company for the benefit of its stakeholders and other interested parties and have requested the approval of the Board to make such filing; and

WHEREAS, the Board has reviewed and considered the materials presented by the Company's management team and the Company's financial and legal advisors regarding the liabilities and liquidity of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's business; and

WHEREAS, the Board has had the opportunity to consult with the Company's management team and the Company's financial and legal advisors and fully consider each of the strategic alternatives available to the Company.

**Filing and Prosecution of Bankruptcy Case**

NOW, THEREFORE, BE IT

RESOLVED, that in the judgment of the Board, it is desirable and in the best interest of the Company and its stakeholders and other interested parties that the Company file or cause to be filed a voluntary petition (the "Chapter 11 Petition") seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and it is further

RESOLVED, that the officers of the Company (collectively, the "Authorized Officers") be, and each hereby is, authorized and directed to execute and verify the Chapter 11 Petition and to cause the same to be filed in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"), in such form and at such time on or after November 2, 2016 as such Authorized Officer(s) shall determine; and it is further

RESOLVED, that the Authorized Officers be, and each hereby is, authorized to execute and file (or direct others to do so on behalf of the Company as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings, DIP loan and financing agreements and security agreements and related documents, stipulations under Section 1110 of the Bankruptcy Code, a plan and disclosure statement and other papers, and in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors or other professionals and to take any and all action which they deem necessary and proper in connection with the Chapter 11 case; and it is further

15989702_3                                              3

**DIP Financing**

RESOLVED, that the Authorized Officers of the Company be, and each of them hereby is, authorized and directed to negotiate and obtain DIP financing with one or more lenders on such terms and in such amount as are deemed necessary to finance the operations of the Company through its Chapter 11 case and the confirmation and effective date of a plan of reorganization and to execute and file (or direct others to do so on behalf of the Company as provided herein) all necessary documents, including, without limitation, all motions, pleadings, DIP loan and financing agreements and security agreements and related documents necessary or appropriate in connection with obtaining such DIP financing; and it is further

**Employment of Professionals**

RESOLVED, that the law firm of Haynes and Boone, LLP be, and hereby is, employed under general retainer as bankruptcy counsel for the Company in the Chapter 11 case, and the Authorized Officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of a Chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Haynes and Boone, LLP; and it is further

RESOLVED, that Imperial be, and hereby is, employed under general retainer as investment bankers to the Company in the Chapter 11 case, and the Authorized Officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of a Chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Imperial; and it is further

RESOLVED, that Alvarez & Marsal be, and hereby is, employed under general retainer as financial and restructuring advisors to the Company in the Chapter 11 case, and the

Authorized Officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of a Chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Alvarez & Marsal; and it is further

RESOLVED, that the Authorized Officers of the Company be, and each of them hereby is, authorized and directed to employ any other firm as professionals or consultants to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code and, in connection therewith, the Authorized Officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of a Chapter 11 case and cause to be filed an appropriate application for authority to retain the services of such firm; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief under Chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is further

**General Authorizing Resolutions**

RESOLVED, that the Authorized Officers be, and each of them, with full authority to act without the others, hereby is authorized and directed, in the name of and on behalf of the Company, under the Company's corporate seal or otherwise, to make, enter into, execute, deliver and file any and all other or further agreements, documents, certificates, materials and instruments, to disburse funds of the Company, to take or cause to be taken any and all other actions, and to incur all such fees and expenses as any such officer deems to be necessary,

15989702_3                                              5

appropriate or advisable to carry out the purposes of the foregoing resolutions and the transactions contemplated thereunder and/or to successfully complete a Chapter 11 case, the taking of any such action to constitute conclusive evidence of the exercise of such discretionary authority; and it is further

RESOLVED that the Authorized Officers be, and each of them, with full authority to act without the others, hereby is authorized and directed, in the name of and on behalf of the Company, under the Company's corporate seal or otherwise, to vote the shares of the Company's subsidiaries to authorize such subsidiaries to file Chapter 11 cases concurrently with the Company in order to accomplish efficiently a restructuring of all of the business, financing and operations of the Company and such subsidiaries; and it is further

RESOLVED, that all authorized acts, transactions, or agreements undertaken prior to the adoption of these resolutions by any officer of the Company on behalf of the Company in connection with the foregoing matters are hereby authorized, approved, ratified, confirmed and adopted as the acts of the Company; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed to certify and attest any documents or materials which they deem necessary, desirable or appropriate to consummate the transactions contemplated by the foregoing resolutions, without the necessity of the signature or attestation of any other officer or the affixing of any seal of the Company.

* * * * *

IN WITNESS WHEREOF, the undersigned Secretary of the Company has executed this Certificate this 2nd day of November, 2016.

*Melissa Berube*
Melissa M. Berube, Secretary

Signature Page to
Certified Resolutions of the
Board of Directors of
Erickson Incorporated

**Fill in this information to identify the case:**

Debtor name: Erickson Incorporated

United States Bankruptcy Court for the: Northern District of Texas
(State)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | SEE ATTACHED LIST | | | | | | |
| 2 | | | | | | | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |

| NO. | NAME OF CREDITOR AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE | NAME, TELEPHONE NUMBER, AND EMAIL ADDRESS OF CREDITOR CONTRACT | MISSING ADDRESS DETAILS | NATURE OF CLAIM | CONTINGENT, UNLIQUIDATED, OR DISPUTED | TOTAL CLAIM, IF PARTIALLY SECURED | DEDUCTION FOR VALUE OF COLLATERAL OR SETOFF | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| 1 | BELL HELICOPTERS<br>776 HENRIETTA CREEK RD BLDG 55 STE #100<br>ROANOKE, TX 76262 | LORI BLACK<br>(P) 817-280-8144<br>(F) 817-280-2321<br>LMBLACK@BH.COM | | ROYALTY LIABILIY | C,D | | | $ 4,000,000.00 |
| 2 | OPPENHEIMER SENIOR FLOATING RATE FUND<br>OPPENHEIMER FUNDS TWO WORLD FINANCIAL CENTER 225 LIBERTY STREET<br>NEW YORK, NY 10281-1008 | JOSEPH WELSH, CFA<br>(P) 212-323-0200<br>(F) 212-323-4070 | | NOTE PAYABLE | | | | $ 1,646,580.11 |
| 3 | FRANKLIN STRATEGIC SERIES – FRANKLIN STRATEGIC INCOME FUND<br>FRANKLIN TEMPLTON INVESTMENTS ONE FRANKLIN PARKWAY BLDG 970, 1ST FLOOR<br>SAN MATEO, CA 94403 | CHRIS MOLUMPHY, CFA<br>(P) 650-312-3000<br>(F) 650-525-7141 | | NOTE PAYABLE | | | | $ 721,393.33 |
| 4 | GRAYSON & CO<br>BOSTON MANAGEMENT AND RESEARCH TWO INTERNATIONAL PLACE 9TH FLOOR<br>BOSTON, MA 2110 | MICHAEL B. BOTTHOF, VICE PRESIDENT<br>(P) 617-482-8260<br>(F) 617-338-8054 | | NOTE PAYABLE | | | | $ 620,734.57 |
| 5 | OPPENHEIMER MASTER LOAN FUND, LLC<br>OPPENHEIMER FUNDS TWO WORLD FINANCIAL CENTER 225 LIBERTY STREET<br>NEW YORK, NY 10281-1008 | CHRISTINA M. NASTA<br>(P) 212-323-0200<br>(F) 212-323-4070 | | NOTE PAYABLE | | | | $ 588,064.33 |
| 6 | ZM PRIVATE EQUITY FUND I<br>ONE GRAND CENTRAL PLACE 60 EAST 42ND STREET SUITE 1400<br>NEW YORK, NY 10165 | QUINN MORGAN<br>(P) 646-843-0710 | | NOTE PAYABLE | | | | $ 522,723.84 |
| 7 | ZM PRIVATE EQUITY FUND II<br>ONE GRAND CENTRAL PLACE 60 EAST 42ND STREET SUITE 1400<br>NEW YORK, NY 10165 | QUINN MORGAN<br>(P) 646-843-0710 | | NOTE PAYABLE | | | | $ 522,723.84 |
| 8 | WELLS FARGO (COMBINED)<br>101 NORTH PHILLIPS AVE ONE WACHOVIA CENTER<br>SIOUX FALLS, SD 57104 | JOHN SHREWSBERRY, CFO<br>(P) 605-575-6900<br>(F) 605-575-4815 | | TRADE PAYABLE | | | | $ 507,552.66 |
| 9 | FRANKLIN FLOATING RATE DAILY ACCESS FUND<br>FRANKLIN TEMPLTON INVESTMENTS ONE FRANKLIN PARKWAY BLDG 970, 1ST FLOOR<br>SAN MATEO, CA 94403 | RICHARD HSU<br>(P) 650-312-3000<br>(F) 650-525-7141 | | NOTE PAYABLE | | | | $ 486,133.18 |
| 10 | WILLIS (COMBINED)<br>ONE WORLD FINANCIAL CENTRE 200 LIBERTY ST 7TH FLOOR<br>NEW YORK, NY 10281 | ERIC JOOST, COO<br>(P) 212-915-8888<br>(F) 212-915-8511 | | INSURANCE PAYABLE | | | | $ 465,375.52 |
| 11 | COLISEUM CAPITAL PARTNERS, L.P.<br>METRO CENTER ONE STATION PLACE 7TH FLOOR SOUTH<br>STAMFORD, CT 06902-6800 | CHRISTOPHER SHACKELTON<br>(P) 203-883-0100<br>(F) 203-286-1111 | | NOTE PAYABLE | | | | $ 460,889.75 |
| 12 | WELLS FARGO BANK, N.A.<br>101 NORTH PHILLIPS AVE ONE WACHOVIA CENTER<br>SIOUX FALLS, SD 57104 | JOHN SHREWSBERRY, CFO<br>(P) 605-575-6900<br>(F) 605-575-4815 | | NOTE PAYABLE | | | | $ 454,597.61 |
| 13 | HOWMET CASTINGS & SERVICES INC<br>ALCOA HOWMET DOVER CASTINGS NINE ROY ST<br>DOVER, NJ 07801 | RAY NADEAU<br>(P) 973-361-2310<br>(F) 973-361-4201<br>RAY.NADEAU@ALCOA.COM | | TRADE PAYABLE | | | | $ 376,100.00 |
| 14 | CETUS CAPITAL II, LLC<br>8 SOUND SHORE DRIVE SUITE 303<br>GREENWICH, CT 06830 | STEVEN G. RAICH, CPA<br>(P) 203-552-3500<br>(F) 203-552-3550 | | NOTE PAYABLE | | | | $ 345,988.30 |
| 15 | GOLDMAN SACHS & CO.<br>30 HUDSON STREET 38TH FLOOR<br>JERSEY CITY, NJ 07302 | CRAIG PACKER<br>(P) 212-902-8497<br>(F) 646-769-7700 | | NOTE PAYABLE | | | | $ 284,123.49 |

| NO. | NAME OF CREDITOR AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE | NAME, TELEPHONE NUMBER, AND EMAIL ADDRESS OF CREDITOR CONTRACT | MISSING ADDRESS DETAILS | NATURE OF CLAIM | CONTINGENT, UNLIQUIDATED, OR DISPUTED | TOTAL CLAIM, IF PARTIALLY SECURED | DEDUCTION FOR VALUE OF COLLATERAL OR SETOFF | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| 16 | BOEING COMPANY<br>PO BOX 3707 MC 34-18<br>SEATTLE, WA 98124 | LEONARDO SALVADOR<br>(P) 312-544-2000<br>(F) 312-544-2225<br>LEONARDO.N.SALVADOR@BOEING.COM | | TRADE PAYABLE | | | | $ 269,002.27 |
| 17 | EXPRESS PERSONNEL SERVICES<br>9701 BOARDWALK BLVD<br>OKLAHOMA CITY, OK 73162 | WILLIAM H. STOLLER, PRESIDENT<br>(P) 405-840-5000<br>(F) 405-717-5667 | | TRADE PAYABLE | | | | $ 234,205.26 |
| 18 | TIMKEN AEROSPACE (COMBINED)<br>TIMKEN AEROSPACE BEARINGS - NH 336 MECHANIC ST<br>LEBANON, NH 03766 | JIM THORPE, PLANT MANAGER<br>(P) 234-262-3000<br>(F) 234-262-4315<br>JIM.THORP@TIMKEN.COM | | TRADE PAYABLE | | | | $ 217,361.66 |
| 19 | THE YIELD MASTER FUND I, L.P.<br>4265 SAN FELIPE 8TH FLOOR<br>HOUSTON, TX 77027-2920 | ATTENTION DIRECTOR OR OFFICER<br>(P) 713-993-4675<br>(F) 713-993-4698 | | NOTE PAYABLE | | | | $ 205,833.70 |
| 20 | BLACKWELL PARTNERS, LLC<br>280 S MAGNUM ST SUITE 210<br>DURHAM, NC 27701 | NEAL F. TRIPPLETT, PRESIDENT<br>(P) 919-668-9995<br>(F) 919-668-9926 | | NOTE PAYABLE | | | | $ 200,653.80 |